UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK SHEA, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 3:22-494 |
| v. | : | (JUDGE MANNION) |
| NATIONWIDE PROPERTY AND CASUALTY INSURANCE, CO., et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

Presently before the court is plaintiff's motion to remand, (Doc. 5). The matter was fully briefed. (Docs. 6, 8, 9 & 10). Also, before the court is Judge Mehalchick's Report and Recommendation finding that the matter should be remanded to state court. (Doc. 11). The defendant, Nationwide, has filed objections to the Report and Recommendation. (Doc. 13). Plaintiff, Patrick Shea, has filed a response to defendant's objections. (Doc. 15). Defendant then filed a reply. (Doc. 17). The matter is now ripe for disposition.

I.   **STANDARD OF REVIEW**[1]

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the

---

[1] As Judge Mehalchick has provided a thorough background of the case, it will not be repeated herein.

findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## II. DISCUSSION

Judge Mehalchick first addressed whether Sean Davis is a nominal party to the lawsuit. Judge Mehalchick held that Sean Davis is a nominal party because he is neither necessary nor indispensable for the determination of the declaratory judgment action. As such, his citizenship will not matter for the determination of diversity jurisdiction.

Next, Judge Mehalchick addressed whether or not the court should exercise jurisdiction under the factors established in Reifer v. Westport Ins. Corp., 751 F.3d 129 (3d Cir. 2014). The parties agree that six of the eight factors in Reifer are neutral.[2] Thus, the defendant objects to the first and third factors favoring remand.

---

[2] While plaintiff correctly states that the court conducts *de novo* review under Local Rule 72.3, this is only to those portions of the report and recommendation "to which objection is made." Plaintiff had fourteen days after Judge Mehalchick's Report and Recommendation to make objections. As such, plaintiff did not make timely objections. For the portions of the Report and Recommendation not objected to, the court reviews them for "clear error." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

The defendant first argues that the lack of a parallel state proceeding mitigates significantly in favor of exercising jurisdiction. However, since the filing of Nationwide's objections, plaintiff filed a state court proceeding against Scott Davis. (Doc. 15). While it is unusual that the plaintiff waited until after Judge Mehalchick's Report and Recommendation and Nationwide's objection period, the analysis does not change because plaintiff's state court proceeding does not appear to be a parallel action.

The Third Circuit has explained that a parallel state court action must be "'truly duplicative' that is, when the parties and the claims are 'identical,' or at least 'effectively the same.'" Kelly v. Maxum Spec. Ins. Group, 868 F.3d 274, 282 (3d Cir. 2017) (citing Trent v. Dial Med. Of Fla., Inc., 33 F.3d 217, 223-24 (3d Cir. 1994); see also Univ of Md. At Balt. v. Peat Marwick Main & Co., 923 F.2d 265, 276 (3d Cir. 1991) (holding that abstention is inappropriate when there is a "lack of identity of all issues" between lawsuits and "no theoretical obstacle to both actions proceeding independently").

Plaintiff explains that the "savings action" is a tort action against Scott Davis. (Doc. 15). Nationwide is not named in the action as a party. Additionally, plaintiff's state court action pertains to the liability of Scott Davis, not the policy issues present in this case. As such, the action is not a parallel state court proceeding.

The defendant then argues that the lack of a parallel state court proceeding favors retaining jurisdiction. However, the lack of a parallel state court proceeding "alone does not require such an exercise [of jurisdiction]." Kelly, 868 F.3d at 282. The defendant states that the first Reifer factor is not implicated because there must be a parallel state proceeding "between the parties." Without such an action in existence, the first Reifer factor should not favor remand. Defendant misconstrues the reasoning Judge Mehalchick provides. She states, "the undersigned finds that the Court's decision would not provide certainty to other parties in similar cases pending in state court." (Doc. 11, p.17). While the defendant relies upon the language in DiAnoia's Eatery, LLC v. Motorists Mut. Ins. Co., 10 F.4th 192, 205-06 (3d Cir. 2021) to argue that the first Reifer factor only requires the controversy to be completely resolved. Judge Mehalchick reasons that a declaratory judgment action in federal court could resolve the dispute between the parties, but "Only the potential state court action [ ] would resolve the underlying liability issue. The risk of this court making findings of fact that may conflict with the eventual findings of the state court adds to the uncertainty of the matter, militating against the exercise of federal jurisdiction." (Doc. 11, p.17) Even if the lack of a parallel state court proceeding exists, the court finds that the

third factor's considerations outweigh the considerations of the first factor. Judge Mehalchick reaches the same conclusion (Doc. 11, p.17).

Next, the defendant argues that the pertinent issue in this matter is not unsettled or novel under the third Reifer factor. The defendant's argument is based on non-binding case law. While Nationwide contends a change of the policy number is a "cosmetic" change, this point is not settled law in Pennsylvania. Defendant cites to DiAnoia's Eatery, LLC, 10 F.4th 192, to put forth the proposition that the issue in this matter is not "novel" because this is a contractual dispute without a novel issue. To the contrary, a change in a policy number constituting a new policy is a novel or unsettled issue in Pennsylvania because it is ambiguous. See Bricker v. State Farm Mut. Auto. Ins. Co., No. 102 MDA 2014, 2014 WL 6091449. Slip op. (Pa. Super. Ct. 2014) (denying a motion for summary judgment because a change in policy number created an ambiguity in the applicability of the sign down forms).

The defendant cites to Smith v. Hartford Ins., Co., 849 A.2d 277, 280 to explain that a "cosmetic change" will not qualify as an issuance of a new policy. However, plaintiff overlooks the court's clear statement in Smith explaining, "The policy number was not changed throughout the life of the policy." 849 A.2d at 279.

While the defendant identifies binding precedent pertaining to the addition of a new vehicle to a policy in Geist v. State Farm Mut. Auto. Ins. Co., 49 F.4th 861, 862-63 (3d Cir. 2022), this is not the issue identified by Judge Mehalchick. The issue here specifically pertains to the novel question of whether or not the issuance of a new policy number constitutes the establishment of a new policy requiring new sign down forms.

As Judge Mehalchick stated, "Based on the lack of settled state law answering this question, the undersigned finds that this action presents a novel or unsettled issue of state law." (Doc. 11, p.25). As such, Reifer instructs the court "to 'step back' and be 'particularly reluctant' to exercise DJA jurisdiction." 751 F.3d at 148.

Upon review of Judge Mehalchick's report and recommendation, the court agrees with the sound reasoning which led Judge Mehalchick to her conclusions. As such, the court will adopt the report and recommendation, (Doc. 11), in its entirety.

In light of the foregoing, **IT IS HEREBY ORDERED THAT:**

(1) Judge Mehalchick's report and recommendation, **(Doc. 11)**, is **ADOPTED IN ITS ENTIRETY**.

(2) Plaintiff's motion to remand, **(Doc. 5)**, is **GRANTED**.

**(3)** The above-captioned action is **REMANDED** to the Court of Common Pleas of Luzerne County.

**(4)** The Clerk of the Court is directed to **CLOSE** the federal action.

**(5)** The Clerk of the Court is directed to mail a certified copy of this order of remand to the Clerk of the Court of Common Pleas of Luzerne County.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 5, 2023**
22-494-01